

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-19-00546-CV

**IN THE INTEREST OF A.M.J.**, A.E.G., A.D.W., and A.A.G., Children

From the 150th Judicial District Court, Bexar County, Texas
Trial Court No. 2018-PA-00875
Honorable Charles E. Montemayor, Judge Presiding

Opinion by:      Sandee Bryan Marion, Chief Justice

Sitting:         Sandee Bryan Marion, Chief Justice
                 Patricia O. Alvarez, Justice
                 Beth Watkins, Justice

Delivered and Filed: November 20, 2019

AFFIRMED

Appellant Brandy files this accelerated appeal from the trial court's order terminating her parental rights to her children, A.M.J., A.E.G., A.D.W., and A.A.G. In a single issue, Brandy challenges the sufficiency of the evidence supporting the trial court's finding that termination is in the children's best interest. We affirm the trial court's order of termination.

## Background

The Texas Department of Family and Protective Services ("the Department") removed the children after an incident of domestic violence between Brandy and her boyfriend resulted in physical injury to A.M.J. Brandy's boyfriend was arrested for assault involving family violence, and the Department filed a petition to terminate the parental rights of Brandy and the children's fathers.

After the children's removal, Brandy signed a service plan requiring her to engage in drug treatment, counseling, and parenting and domestic violence courses, but the Department caseworker described her as "uncooperative" and occasionally difficult to reach. The caseworker testified: "There was times when [Brandy] would change her number or wouldn't—would go missing for a few weeks or a month or so." Brandy completed the domestic violence course and counseling, and her counselor reported she made "some improvements." However, Brandy failed to engage in or complete drug treatment. Out of twenty-seven drug tests Brandy was ordered to complete, she submitted to ten and tested positive four times. As recently as one month before trial, Brandy's drug test results caused the Department caseworker concern. Brandy did not take responsibility for her drug use and told the caseworker she did not know how she tested positive. Brandy admitted to the caseworker that she had used drugs as recently as "a few months ago," but said "she hadn't used in a while."

When asked whether she has done everything she needs to do to demonstrate she can care for her children, Brandy testified "yes and no." Brandy stated she needs to provide a home for her children and can do so "[b]y next month," but admitted she did not engage in drug treatment because she was working two jobs and trying to get an apartment. Brandy testified she "felt like getting [the children] a place was more important than drug treatment." Brandy stated she is not "a straight drug addict" and does not "do drugs like that," but admitted: "Yes, I'm guilty of doing drugs; yes, I'm guilty of the poor choices of men I be with." Brandy conceded her most recent hair follicle test came back positive for methamphetamines but stated she cannot remember the last time she used drugs. Brandy testified all of her children saw her boyfriend hit her but insisted A.M.J. "didn't get hurt."

At the time of trial, the children's ages ranged from six to eleven. During visits, the children seemed bonded to Brandy. One child was placed at New Beginnings Children's Home, two

children were placed together in a foster home, and the youngest child was placed in a residential treatment center in Lubbock. The Department caseworker testified the children's current placements are meeting their physical and emotional needs. The children previously exhibited physically aggressive behavior, including pushing, kicking, and spitting, but all are currently engaged in trauma-informed therapy. "The children are doing well" and have "come a long way from behavioral issues they were all having in their homes." The youngest child, in particular, is "doing a lot better" in the residential treatment center. The permanency plan for all four children is adoption by non-relatives.

Following trial, the trial court granted the Department's petition for termination and terminated Brandy's and the fathers' parental rights to all four children. Brandy appeals.

**Standard of Review**

To terminate parental rights, the Department has the burden to prove by clear and convincing evidence: (1) one of the predicate grounds in subsection 161.001(b)(1), and (2) termination is in the best interests of the child. TEX. FAM. CODE ANN. §§ 161.001(b), 161.206(a); *In re A.V.*, 113 S.W.3d 355, 362 (Tex. 2003). We review the legal and factual sufficiency of the evidence using well-established standards of review. *See* TEX. FAM. CODE ANN. §§ 101.007, 161.206(a); *In re H.R.M.*, 209 S.W.3d 105, 108 (Tex. 2006) (per curiam) (factual sufficiency); *In re J.P.B.*, 180 S.W.3d 570, 573 (Tex. 2005) (per curiam) (legal sufficiency).

There is a strong presumption that keeping a child with a parent is in the child's best interest. *In re R.R.*, 209 S.W.3d 112, 116 (Tex. 2006) (per curiam) (citing TEX. FAM. CODE ANN. § 153.131(b)). In determining the best interest of a child, we apply the factors set forth in section 263.307 of the Family Code, as well as the non-exhaustive *Holley* factors. *See* TEX. FAM. CODE ANN. § 263.307(b); *Holley v. Adams*, 544 S.W.2d 367, 371–72 (Tex. 1976). The *Holley* factors include: (1) the desires of the child; (2) the present and future emotional and physical needs of the

child; (3) the present and future physical danger to the child; (4) the parental abilities of the individuals seeking custody; (5) the programs available to assist these individuals to promote the best interest of the child; (6) the plans held by the individuals seeking custody; (7) the stability of the home of the parent and the individuals seeking custody; (8) the acts or omissions of the parent which may indicate that the existing parent-child relationship is not a proper one; and (9) any excuse for the acts or omissions of the parent. 544 S.W.2d at 371–72.

**Discussion**

In a single issue, Brandy challenges the trial court's finding that termination is in the children's best interest.

While there was no testimony regarding the children's desires, the Department caseworker testified the children seemed bonded with Brandy during their visits, and Brandy testified she is "close" to her children. Brandy, however, has not demonstrated an ability to meet the present and future emotional and physical needs of her children. Brandy has not obtained stable housing for the children, and she has not taken responsibility for the domestic violence that resulted in the Department taking custody of her children. Although Brandy completed a domestic violence course and counseling, in which she made "some improvements," Brandy failed to address what the Department caseworker called the primary impediment to her ability to parent her children— her ongoing drug use. Brandy failed to engage in drug treatment and tested positive for drug use on more than one occasion while the case was pending. Brandy admitted she uses drugs and makes poor decisions regarding the men she dates.

The Department caseworker testified the children are doing well in their current placements and have made significant behavioral improvements. The children's current placements are meeting their physical and emotional needs, and the Department plans for non-relatives to adopt all four children.

As the trial court acknowledged in its oral ruling, we are limited to reviewing only the testimony and exhibits admitted at trial. *See In re B.R.*, 456 S.W.3d 612, 617 n.4 (Tex. App.—San Antonio 2015, no pet.). Although the trial record here is limited, after considering all of the trial evidence in light of the statutory and *Holley* factors, we conclude there is sufficient evidence in the record supporting the trial court's best interest finding. We overrule Brandy's sole issue.

**Conclusion**

Having overruled Brandy's sole issue on appeal, we affirm the trial court's order of termination.

Sandee Bryan Marion, Chief Justice